Next case on our call this morning is agenda number two. Case number one oh four five one nine in re M.W. a minor. Counsel may proceed. Good morning, Chief Justice, members of the court. May it please the court, my name is Assistant State's Attorney Tasha Marie Kelly from the Cook County State's Attorney's Office on behalf of the people of the State of Illinois. In this case, the appellate court's holding that the trial court lacked jurisdiction over minor respondent's father was wrong. Minor respondent was accompanied to her first appearance in juvenile court by her noncustodial father. On that court date, both minor respondent and her father were informed that a petition for adjudication of wardship had been filed and were properly served with copies. They were apprised of the facts and circumstances surrounding the charge of robbery in the petition through a detailed proffer by the Assistant State's Attorney, and they were informed of the next court date. This appearance by minor respondent's father constituted a submission to the trial court's jurisdiction and properly established personal jurisdiction over him. The Juvenile Court Act is clear, specifically in Section 5-525, that once personal jurisdiction is established over a party, that that party waives any further formal service. At that point, it becomes the responsibility of that party to continue coming to court and being an active and informed participant in the proceedings. In this case, the proceedings continued and the minor respondent, along with her custodial parent, her mother, continued to come to court. Her father made the decision not to continue attending the proceedings, and as such he was not present when the people amended the delinquency petition to add a lesser charge of aggravated battery, which was based on the same facts and circumstances as the already existing robbery charge. There was no objection offered either to the amendment or to proceeding forward without minor respondent's father, and minor respondent was adjudicated delinquent on both counts in the petition. On appeal, the appellate court reversed the minor's adjudication of delinquency, finding that the failure to provide notice to minor respondent's father of the amendment to the petition constituted a lack of subject matter jurisdiction and rendered the order void. Under Section 530, isn't the father entitled to notice? It's the people's position that Section 5530 wouldn't apply in this case for several reasons. First of all, 5525 references 530 and explains when subsection 5530 is to be used, and it specifically states that 5530 is to be used in subsequent proceedings. In this case, it was not a subsequent proceeding, but rather a continuation of the original delinquency proceeding, and the adjudication was on the original count of robbery as well as the amended count in the petition. I thought you were about to tell us whether or not this Court had subject matter jurisdiction at the time of the hearing in the amendment to the petition. Your Honor, it's the people's position that the trial court had both subject matter jurisdiction as well as personal jurisdiction over the parties. Subject matter jurisdiction in a juvenile case is established by Article VI of the Constitution, and the only question is whether there is a justiciable matter before the court, and since there was a valid delinquency petition filed against minor respondent, the trial court had personal jurisdiction over the parties, including minor respondent's father, which was established by his appearance in open court. So that brings in Section 5-5253, jurisdictional provision, since it says that once jurisdiction has been established over party, further service is not required, and notice of subsequent proceedings shall be made in accordance then with Section 5-5253. Correct, and it was that provision that the appellate court relied on. However, as I stated, since this was not a subsequent proceeding, it would not apply. There's also additional problems with the application of 5-530 in this instance. For instance, the laws of statutory interpretation are clear that you cannot enlarge the plain meaning of a statute. In this case, it's clear that 5-530 is meant to apply only to supplemental and amended petitions. However, in this case, the appellate court used 5-530 to divest the personal jurisdiction which had been established over minor respondent's father based on Section 5-525, and thereby enlarged the meaning of 5-530. The other problem with the use of 5-530 in this case is there's nothing in the language of 5-530 which suggests that it was meant to affect jurisdiction. If you look at, for instance, Section 5-525, which talks about formal service, there are provisions built into the actual statute that talk about jurisdictional issues, and it makes it clear that the proceeding cannot go forward until service is achieved and jurisdiction is established over the parties. There's no such language in 5-530 which suggests that the proceedings cannot go forward if notice is not achieved. And there's nothing to suggest that it was meant to be a jurisdictional statute. 5-530 is fairly clear. It says supplemental or amended petition. We have an amended petition here. You're saying that failure to give notice, if I understand your argument, doesn't divest the court of jurisdiction. What sanctions or penalties should apply if you are correct and if people do not receive notice of motions or amended petitions? Well, the additional issue which is raised by an interpretation of 5-530, which would call for sanctions or some sort of penalty to be given if it's not complied with, is that a literal reading of 5-530 like that would call for reservice in so many instances that it would backlog the juvenile court. The language of 5-530 refers not only to supplemental and amended petitions, but also motions. So, for instance, if a party made a motion for a continuance, a motion to suppress statements, a motion to suspend statements, a motion to even just amend something simple like an address in the petition, reservice would have to be achieved. And in juvenile court now, if service is not achieved on, say, there's no requirement that the proceedings cannot go forward if service is not achieved on a motion, or if all parties are not served with a copy of a motion, or if all parties are not present when an oral motion for, say, a continuance is made by a party. So is it your position that if a party to a juvenile proceeding does not comply with 5-530, it doesn't give the notice, it doesn't make any difference? I believe that the 5525 is the statute which is meant to have jurisdictional implications by the plain language, and that 5530 was not meant to have those implications. The other point is... In keeping with Justice Carmar's question, though, is it your position that the orders, I mean, there must be some import to the rules. So is it your position that the orders are avoidable for lack of proper notice? But in this case, I thought your position was that M.W. waived that argument by failing to object below. Yes, Your Honor. I was going to speak to the issue of Minor's forfeiture in this case, which is that if Minor had requested that notice be achieved prior to proceeding with the amended petition, then certainly the people would have gotten a continuance and served her father. However, there was no objection in this case, and so Minor has forfeited her right to object to the lack of notice in this case. The law is clear that where a Minor respondent does not object to a lack of notice to a non-custodial parent at the trial court level, that Minor forfeits her right to object to the lack of notice at the appellate level. Aren't there a number of cases that hold that a non-custodial parent is not entitled to notice? That if a Minor respondent fails to object to the lack of notice to the non-custodial parent, that Minor is not entitled to notice. That her right to object at the appellate court level is forfeited, yes. For those reasons, Your Honors, and for those contained in the people's brief, we would ask that Minor respondent's adjudications of delinquency be reinstated. Thank you. Thank you, Ms. Kelly. Mr. Tepfer. Good morning, Your Honors. May it please the court, counsel. My name is Joshua Tepfer from the Northwestern University Law School Bloom's Legal Clinic. I represent M.W., Minor Respondent Appellee in this case. And I would like to focus my time during oral argument on the issue addressed by counsel. Of course, I would take any questions on the cross-appeal issues as well. The crucial aspect of this statute, of the notice requirements of the Act, and that are not acknowledged by the State, are that parents are not entitled to adjudicatory hearings for a reason. There's a critical role that parents play in these procedures. That role is highlighted by Section 5-110 of the Act, where it specifically says that parents play a critical role in adjudicatory hearings. And the question is, why are parents so important to these proceedings? Well, I would disabuse this Court of that notion that this is a non-custodial parent at all. Excuse me? They have separate living addresses, the mother and the father? They have separate living addresses. They never married. There's two definitions of the word custodial. There's physical custody and there's legal custody. Well, physical custody, if I could answer that first, is obvious. Who lives with? First of all, there's not, excuse me, there's not exclusive physical custody by the mother in this case necessarily. She lives with her mother, but M.W. said that she spends weekends with her father. We could take that to mean that she lives with her father during the weekend. So there's not necessarily exclusive physical custody. But in all respects, the record clearly establishes that there's joint legal custody in this case. M.W. has a clear relationship with her father. She looks to him for guidance. She trusts both of them and she accepts both of them as their dual point in their lives. They both have decision-making power, and that's what joint custody is, medical expenses. So legal custody is determined by the relationship between the bodies? I think legal custody is determined. And how they relate to one another? Well, first of all, the parents were never married in this case, so we don't have any sort of divorce proceedings, and certainly nothing's in the record about that. But any suggestion that because she lives with her mother primarily, the father has absolutely no say in decision-making power, there's decisions that any father who doesn't have physical custody would have, such as medical decisions, financial decisions, military decisions. I mean, there's a world. Families are certainly in this day and age, there's lots of fathers who don't have physical custody but still maintain legal rights. And those legal custody rights are what were in danger in this proceeding. So I would say the key fact that this case... There are certainly cases that have distinguished between noncustodial and custodial parents. Absolutely, but those... Have they made the distinction that you've made today or have they made the distinction where the child lives? Absolutely, they've made the decision that I've made today. The case law is consistent. Any application of waiver in previous case laws on all of this is based on dispensability of the party. That's the language that's used entirely from J.W. in 1981 through R.S. in 1983, R.D.S., and C.R.H. The question is the dispensability of the party. Now, when there is a relation... A party is dispensable, a parent is dispensable, where they have no relationship with them, where the identity of the parent may not even be known, where the address of the parent would not be known, where they don't pay child support. We have none of that here of record. In fact, everything in the record implies or infers or suggests that he did all of those things. Excuse me, Mr. Tepper, did he receive notice of all the juvenile proceedings? No, he did not. Notice. Notice. He absolutely did not receive notice on the amended petition in this case. But there is no doubt that he was personally served and appeared in court at the first appearance and was admonished. Yes. Is that correct? That is absolutely correct. Is it your position that the State's failure to comply with the notice requirements of 530 divested the court of personal jurisdiction that came about as a result of his personal appearance? I don't think the question necessarily is whether it divested the court of jurisdiction. I'm not afraid to use those words necessarily. But the question in my mind should be framed as there was jurisdiction on the original petition. The notice was sufficient in that respect. But they filed an amended petition. They proceeded on the amended petition. Excuse me, Mr. Tepper, did he receive notice of the adjudicatory hearing? He received notice of the adjudicatory hearing that was scheduled to be run on the robbery charge only. But he did receive notice of that? There was sufficient notice under case law. Isn't that when the amended petition was introduced? At the adjudicatory hearing. Seconds before the adjudicatory hearing started. But it was then. He chose not to show. He chose not to show when he knew that the charge was robbery. But he chose not to show up for it, and it was at that adjudicatory hearing in which the amended petition was presented. It was at that? Yes, that was. But I need for you to explain to me, how was it that the juvenile's due process rights were violated because of the absence of a noncustodial parent? Again, I take away that I think noncustodial is a misnomer. Well, let's not focus on that, but a parent. How were her due process rights violated? Well, let's talk about exactly what happened here. There was a charge on robbery in this case. The reason the parents are important, the reason there's a due process right is because kids cannot make the judgment on these important decisions on their own. Now, what happened exactly? They added a new charge. I can't speculate exactly why they added a new charge, but I have a theory that perhaps they wanted, that they were interested in pursuing a plea. Maybe there was a plea offer that they would drop the robbery charge. These are exactly the type of decisions that why a minor needs the guidance of her parents, who himself, by the way, has a due process right, his own due process right, that this Court has said and called. So that's exactly why Section 5-530 was enacted. And let's not forget that the statutory language is entirely clear. Everything we're talking about at this point constitutes, for lack of a better word, perhaps harmless error or de minimis error. But absolutely, there's no question that Section 5-530 requires notice when there is a supplemental or amended petition. Notice. You don't want to talk about jurisdiction, and I think I see why, Mr. Tepper. Section 525, subparagraph 3, makes clear that while mandatory, compliance with Section 5-30, open parens 1, closed parens, is not jurisdictional. I don't think it makes sense. Well, it states that, quote, once jurisdiction has been established over a party, further service is not required, and notice of any subsequent proceedings in that prosecution shall be made in accordance with Section 5-530. And so it seems to me that that clearly says that 530 only applies once the Court has already acquired jurisdiction over a party. So I want to know why this is not an oversimplification, and maybe that'll be the basis of the question. There's no dispute, is there, that there's subject matter jurisdiction in this case? We're not necessarily disputing. We're only questioning whether or not jurisdiction exists. All right, and I think in answer to either Justice Garmon or Justice Burke's question, it doesn't appear that there's any dispute that once he was served with the original petition and appeared in open court, personal jurisdiction was established over M.W.'s father. Right? Under Subsection 3 of that section. So isn't the question for this Court, then, how can the orders adjudicated in the amended petition be void for lack of jurisdiction? Well, what force is there to Section 5-530 if it's not rendered a jurisdictional question? And then I'm going to give you the same thing I did on the heels of Justice Carmier's question, that what does it mean? They are voidable for lack of proper notice, but if they're voidable and not void for already accomplishing the jurisdictional goal, if they're voidable, there has to be an objection or that objection's waived. And in this case, there was no objection. My argument, my response to that respectfully is that's putting the cart before the horse. The minor's purpose, the whole purpose of having her father there or parents there is such that she can help them exercise their rights. So if she's not, if he doesn't himself have notice of the proceedings in order to exercise his rights, how can the burden be on the minor to do so with respect to her father? And that has an intellectual appeal. But to make that argument, somehow you're going to have to at least convince me that somehow the orders are void for lack of jurisdiction, which I can't see it in light of 525-3, what it says, and I just can't see it. Well, I, okay, so I guess that is my job here right now is to convince you on that. And I would say the state's position from what I understand it is why it would not be jurisdictional is because they say this isn't a subsequent proceeding, the amended or supplemental petition. You have to distinguish between personal and subject matter jurisdiction when you make this argument. Okay. We're talking about personal jurisdiction in this case. The personal jurisdiction over the father. The subsequent proceedings are not an amended or supplemental petition. But I don't follow the state's reasoning at all in that regard when section, subsection 3 talks about shall be made in accordance with section 5-530. And section 5-530 speaks precisely to amended and supplemental petitions. That's exactly what they were talking about when they're talking about subsequent proceedings. Now, the question, and again, I think the reason there's a jurisdictional question, let me just address it straight on. We're talking about a new charge. We're talking about notice of new charges that has to comply from GALT to RS to CRH to due process requirements statutorily that have to be the same as in the criminal proceeding. Certainly, there wouldn't be adequate notice in a criminal proceeding without all parties, the party, knowing what they have to defend against. And they did not know that they had, the father did not ever know that he had to get a new charge. He could not counsel his daughter or establish a defense, help her make decisions on an aggravated battery. There was never any notice for that. And that could have changed any sort of counsel that he would have given his daughter. And again, I give you the intellectual appeal, but how do you overcome 525-3 that says once jurisdiction has been established? There has been jurisdiction. 530 doesn't even come into play until jurisdiction has been established. Jurisdiction has been established. So on what basis is this order void without an objection? Or is it merely voidable? And if it's voidable, don't you need an objection? Are you saying that there should be some special circumstance in light of the nature of this case? But under what legal theory is this order void? There's a lot of questions. I know. There's some intellectual appeal that it's the cart before the horse, that it shouldn't be considered waived, because that's precisely what the father was there for. But nevertheless, I do say it's void, because while it says once jurisdiction has been established, I guess to use the state's language, then jurisdiction is divested when they do not comply with notice, which pursuant to Section 5-530. And notice is the key. But he was served. He did appear. And 525-3 says further service is not required. Further service is not required on the original petition when there's no changes in substantively what they're charged. The example I gave is there's not requirements in the case law supports this that they be served with every continuance. And there's a difference between service and notice, again, too. The cases the site states for waiver are about formality of service, which this Court has held several times that notice is the due process requirement. Notice is the key. Formality of service is just the means of effectuating notice. Time's running a little bit low. There was no notice. The key to talk about is this isn't a simple amendment. This isn't that the main charge was robbery and then there was an aggravated battery. In fact, the main charge, I would say, would be aggravated battery.  We don't know why the father didn't show up when he just thought it was a robbery. As I speculate... It was an adjudicatory hearing on the charge of robbery. Maybe he decided that he wasn't concerned with robbery. And then she wouldn't have had the benefit of his counsel on either that day. He had counsel with her previously and he decided maybe he thought, well, your counsel and your mother could handle it. But maybe he didn't think that when there's a new aggravated battery charge. I don't know. The key is we have to speculate because the State didn't comply with Section 5-530 and that's acknowledged. But the point is, is everything can change when there's a new charge. Everything... Well, isn't the significance that there could have been an objection that the father wasn't there and they could have forced service on the father? Wasn't that remedy available to the minor respondent? Again, if I understand your question, she can't... The point is that the father helps her assert her rights. And she could have asserted that at the adjudicatory hearing and said, my father's not here. I thought he'd be here. But it's putting the cart before the horse because it's her father who can help her assert her rights. That's why the parents are there in the first place. And again, the father has his own due process right as well to be there, which certainly I don't believe a different party could waive for him. The child did get... She was represented by counsel, so the counsel could have objected for her if she didn't know. Minor was represented by counsel, but again, I turn back to that there's a reason that parents are parties to these proceedings. There's a reason that counsel's not enough. There's a special relationship between the minor. It's harder to communicate between counsel and the minor where you may need a parent intermediary. Again, we don't know whether the minor's mother even wanted her father there. So it's his own right that she can't express on his behalf in this regard. So again, I know I'm running out of time, so I would just again assert that there's no question Section 5-530 wasn't complied with without it being... Without any sort of recourse, the statute has no force or meaning whatsoever. If it's just voidable, it doesn't permit the father to serve his very role as a party in why he's needed in these proceedings. What impact could the presence of the father have had on the state's move to file an amended petition? It couldn't have prevented the state from filing the amended petition or the court from granting it, but it could have changed her decision as... What plea to enter would be the one that I would suggest. And again, we're speculating because the state didn't comply. The plea could be changed at any time. But he wasn't there to advise her. Part of the purpose of the act is to help the minor, the parent's role is to help the minor take some responsibility for her action. Maybe he didn't think she should take responsibility for a robbery for precisely some of the reasons that are in Issue 2 or because he didn't know about the Doctrine of Accountability, but maybe he would have thought that she should have taken responsibility for the aggravated battery. And again, we're speculating because the state didn't comply, and I understand my time is up. Thank you. Thank you. Ms. Kelly. Just briefly, first, I think it's important to note that this is not a situation where the minor was standing alone before the court at her adjudicatory hearing. She not only had counsel with her, she had her custodial parent with her. Her mother was present. Her mother was available to fulfill the role that counsel was describing that the father could have filled to advise the minor, to offer her support and advice as to which way to proceed. And the minor respondent's father made the decision not to be present for the adjudicatory hearing after he was provided notice of the hearing because of that and because of the fact that minor respondent did not make an objection to proceeding forward without her father. She has waived her right to contest any failure to comply with the notice provision. For those reasons, Your Honor, we would ask the court to reverse the ruling of the appellate court and reinstate minor respondent's conviction. Also, Your Honors, one other thing, we would ask the court to clarify the distinction between subject matter and personal jurisdiction in this case. The finding of the appellate court was that there was a lack of subject matter jurisdiction. Even minor respondent now concedes that there was subject matter jurisdiction and the issue which should have been addressed was whether there was personal jurisdiction. Thank you. Counsel, you made a comment that he was given notice. That's what I want to make sure I'm clear about on the record. The first hearing was the detention hearing. That was in April. It was set over for a May 6th hearing. That was continued to June 23rd and then continued again to July 25th and that's when the amended charge was put before the court. My question is, between the hearing when he showed up on April 4th and July 25th, putting aside service, was he given actual mail notice or some kind of notice of the hearing on July 25th? The record doesn't specifically reflect that anything was mailed to the father. However, since the minor respondent states that she has regular contact with her father. That's not my question. The argument that he was a party before the court on April 4th, at that point as a party, it would be routine for any parent to receive actual notice. They just have a notice service list and they send them out, right? And he wasn't even given notice of those other dates? Your Honor, the record doesn't explicitly reflect that he was given any further notice of the proceedings other than the formal service that was achieved in court on the April court date. So between April and July he had no communication as to what was going on when. Putting aside whether he was required to be served. There's no indication from the record, no. Was he given a date when he appeared in court? Was there an appearance date set at that time for an adjudicatory hearing? Yes, there was. There was a next court date given. And that was given in open court? Yes, it was. Counsel, it's the custom and practice of juvenile court, is it not, not to send written notices? Dates are given at each hearing for each date, court date? Dates are announced and the next court date is announced in open court, yes. And written notice is not sent out? I'm not sure whether written notice is sent out of the next court date to the parties, Your Honor, in delinquency proceedings. And there is cross-relief. Nobody's going to argue the cross-relief issues? Would Your Honor like me to address? Well, I'm just asking if you or other counsel are arguing that today or not. Well, I just wanted to know. I mean, I'm not suggesting you argue it. Unless the court would have questions for me on the cross-relief? Thank you, Ms. Kelly. Case number 104-519. Oh, okay.